**SULAIMAN LAW GROUP**
Alejandro E. Figueroa
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 630-575-8181
Facsimile: 630-575-8188
E-Mail: afigueroa@sulaimanlaw.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALLY G. BRAGG,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK, and EQUIFAX INFORMATION SERVICES,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681** *et seq.*<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Sally G. Bragg ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of Capital One Bank, ("Capital One"), and Equifax Information Services, LLC, ("Equifax"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*, and Capital One's violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises

1

under the laws of the United States. Supplemental jurisdiction exists for the state claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Eastern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

4.  Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

**PARTIES**

5.  Plaintiff Sally G. Bragg is a consumer and natural person over 18 years of age who, at all times relevant, resided in the Central District of California.

6.  Capital One is a Virginia corporation engaged in the business of offering credit services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers in the State of California.

7.  Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of California. Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

**FACTS SUPPORTING CAUSE OF ACTION**

8.  On March 25, 2020, Plaintiff agreed to a resolution with Capital One that would delete the Capital One trade line, account number ending in -5791, reporting on her Equifax consumer credit report. ("subject account").

9. In early 2021, Plaintiff was interested in improving her credit, so she accessed her consumer reports, and much to Plaintiff's surprise, Capital One and Equifax were continuing to report the subject account despite Capital One's agreement to delete the subject account from Plaintiff's credit file.

10. Plaintiff was perplexed by this reporting, as she and Capital One had explicitly agreed that the subject account would be deleted from her consumer credit files.

11. Consequently, in March 26 2021, Plaintiff initiated written credit disputes with Equifax, TransUnion, and Experian. Plaintiff informed Equifax, TransUnion and Experian that: "This account has been forgiven and an agreement was made for the account to be deleted."

12. Plaintiff's dispute letter specifically requested Equifax, TransUnion and Experian to: "send my dispute letter to [Capital One] and delete the trade line as this account should not be reporting per the legal agreement reached with us in which they have agreed to delete this from my credit report."

13. Upon information and belief, Capital One received notice of Plaintiff's March 26, 2021 dispute within five days of Plaintiff initiating the dispute with Equifax, TransUnion, and Experian. *See* 15 U.S. Code §1681i(a)(2).

14. By June 22, 2021, Equifax failed to reasonably investigate Plaintiff's credit dispute. Specifically, Equifax stated "Consumer Disputes After Resolution," in spite of the fact that the trade line was to be forgiven and deleted. Equifax continued to report the subject account months after the account was disputed.

15. While Equifax failed to reasonably investigate Plaintiff's dispute, the other credit reporting agencies, TransUnion and Experian, properly investigated Plaintiff's dispute and recognizing the resolution agreement between Plaintiff and Capital One by deleting the trade line from their respective consumer credit reports.

3

16. On June 22, 2021, Plaintiff incurred out of pocket costs by purchasing TransUnion, Equifax, and Experian credit reports.

17. Much to Plaintiff's chagrin, Plaintiff found that Equifax was continuing to inaccurately report the Capital One trade line. To this date, Defendants continue to inaccurately and misleadingly report the subject account as derogatory.

18. The reporting of the Capital One trade line is patently inaccurate and materially misleading because pursuant to the agreement entered into by Plaintiff and Capital One, the trade line pertaining to the subject account was to be forgiven.

19. Despite having actual knowledge that Plaintiff had no obligation on the subject account and that the subject account was to be forgiven from Plaintiff's credit files, Defendant continued to report the subject account, along with derogatory information.

20. Any reasonable investigation engaged in by Defendant would and should have revealed the inaccuracy of the information on Plaintiff's consumer credit reports.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

21. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations, and is thus a high-risk consumer.

22. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and/or credit opportunities, and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

23. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses,

including the purchase of her credit reports, decreased credit score, tracking the status of her disputes, monitoring her credit files, and mental and emotional pain and suffering.

24. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in her Equifax credit files.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST CAPITAL ONE)

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

27. Capital One is a "person" as defined by 15 U.S.C. §1681a(b).

28. Capital One is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

29. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

30. Capital One violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax and Plaintiff.

31. Capital One violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

32. Had Capital One reviewed the information provided by Equifax and Plaintiff, it would have corrected the inaccurate designation of the subject account, and transmitted the correct information to Equifax. Instead, Capital One wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

33. Capital One violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax.

34. Capital One violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

35. Capital One violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Equifax credit files.

36. Capital One failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate information from Plaintiff's Equifax credit files within 30 days of receiving notice of the disputes from Equifax under 15 U.S.C. §1681i(a)(1).

37. Despite the blatantly obvious errors in Plaintiff's Equifax credit files, and Plaintiff's efforts to correct the errors, Capital One did not correct the trade line to report accurately. Instead, Capital One wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

38. A reasonable investigation by Capital One would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax credit files.

39. Had Capital One taken steps to investigate Plaintiff's valid disputes or Equifax's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

40. By deviating from the standards established by the debt collection industry and the FCRA, Capital One acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

**WHEREFORE**, Plaintiff, SALLY G. BRAGG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Discover to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EQUIFAX)

41. Plaintiff restate and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

43. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

44. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

45. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

46. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

47. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

48. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

49. Plaintiff provided Equifax with all relevant information in her request for investigation to reflect that she agreed to a resolution with Capital One on the subject account.

50. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false and materially misleading consumer reports concerning Plaintiff.

51. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

52. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Capital One. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to Capital One regarding Plaintiff's dispute that Equifax received from Plaintiff.

53. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

54. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

55. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Capital One that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

56. Equifax knew that the inaccurate reporting of the subject account in Plaintiff's credit files would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

57. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

58. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

59. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

60. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

61. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

62. Equifax acted reprehensively and carelessly by reporting and re-reporting the subject account after Plaintiff put Equifax on notice that the subject account was to be deleted.

63. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

64. As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff, SALLY G. BRAGG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT
(AGAINST CAPITAL ONE)

65. Plaintiff restates and realleges paragraphs 1 through 64 as though fully set forth herein.

66. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

67. The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

68. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### i. Violations of RFDCPA § 1788.13(f)

69. The RFDCPA, pursuant to Cal. Civ. Code § 177.13(f) states that "No debt collector shall collect or attempt to collect a consumer debt by means of the following practices: (f) the false representation that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency."

70. As outlined above, Defendant engaged in the misrepresentation of information concerning the debtor's subject account when Defendant failed to report Plaintiff's updated subject debt status to Equifax.

71. Moreover, Defendant communicated to other credit reporting agencies, including TransUnion and Experian that Plaintiff has resolved the subject account will be deleted from trade line. However, Plaintiff and Defendant failed to communicated that agreement to Equifax agreed in regards to the subject. This false reorientation dwindled Plaintiff's credit worthiness and rendered her a high risk consumer.

72. Defendant willfully and knowingly violated the RFDCPA through its failure to report the Plaintiff's accurate status with respect to the subject account to Equifax. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

**WHEREFORE**, Plaintiff, SALLY G. BRAGG, respectfully requests that this Honorable Court:
  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
  b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
  c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
  d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
  e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: June 29, 2021                                    Respectfully submitted,

By: */s/ Alejandro E. Figueroa*
Alejandro E. Figueroa Esq.
**Sulaiman Law Group**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois
Telephone: 630-575-8181
Facsimile: 630-575-8188
E-Mail: afigueroa@sulaimanlawgroup.com